FILED
U.S. DIST. COURT

RECD
U.S. DIST. COURT
OF LA.

# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA

99 MAY 21 PM 2:49          99 MAY 10 PM 4:57

RICHARD T. MARTIN      SIGN RICHARD T. MARTIN
CLERK                        CLERK

**MR. CuRTis NicKerson #301769**

CA 99 - 427 - B-M2

_____

_____

Enter above the full name of the plaintiff or plaintiffs in
this action.

## VERSUS

**RoberT F. SchiTT CapT**

**BonneTTE, LT**

**LEMione    LT**

**SOCiAl WORKER CAROl DuthU    SGT. JoSEPH HooKER**

Enter above the full name of the defendant or defendants
in this action.

## COMPLAINT

**❋ CriminAL CompLAinT**

I.   PREVIOUS LAWSUITS:

a.   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this
     action or otherwise relating to your imprisonment?

                                                    Yes ( )          No (✗)

b.   If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit,
     describe the additional lawsuits on another piece of paper, using the same outline.)

1.   Parties to this previous lawsuit

Plaintiffs:    _____

               _____

Defendants:    _____

               _____



2.   Court (if federal court, name the district; if state court name the parish):

_____

_____

3.   Docket number: _____

4.   Name of Judge to whom case was assigned: _____

_____

5.   Disposition (for example, was the case dismissed?  Was it appealed?  Is it still pending?):

_____

6.   Approximate date of filing lawsuit: _____

7.   Approximate date of disposition: _____

II.   PLACE OF PRESENT CONFINEMENT:   *Camp J* _____

a.   Is there a prisoner grievance procedure in this institution?

Yes ( ✓ )          No ( )

b.   Did you present the facts relating to your complaint in the prisoner grievance procedure?

Yes ( ✓ )          No ( )

c.   If your answer is YES:

1.   What steps did you take? _____

*Administrative Remedy Procedure*

2.   What was the result? _____ *Still Pending* _____

d.   If your answer is NO, explain why not? _____

_____

2

## IV.  STATEMENT OF                        COMPLAINT

This complaint is brought to in a matter of inconvenience. On 6/26/98 Robert E Schott, Capt, Bonnette. LT. LT. Lemoine or using excessive force on inmate by spraying mace when its not Required. Inmate are complying with the officer's orders, and still get sprayed with mace that peals your skin when directly sprayed and deliberty to do harm to an inmate.

Department Regulation No. 30-46

Subject: use of Gas, mace Irrilant dust And Electronic capt Shield on Inmates.

(B). Gas, mace Irrant dust, or electronic capture shield mr be used against an individual only to subdue him orl her in order to prevent loss of life, serious injury to perso. Extensive destruction of property, to Quell a disturbance which in the highest opinion of highest ranking security sur visor on duty in the immediate area where the inciden in occurring) may lead to a serious situation which may jeopardize, or to regain control of the institution or par of it.

(E) When gas, mase, irritant dust or the electronic capture shied is used, only the minimun amount necessary to contr situation will be used

(F) use of gas, mace, irritant dust or the electronic ca shied is considered as a use of force. Any excessive u or unauthorized use will result in disciplinary action against the employee who does so. (note) no action w taken against neither officers.

(J) Gas, mace, irritant dust, or the electronic capture sh will not be used on those inmates who remain passiv in their cells without causing a disturbance or becom

°1

hostile the inmate continuously deties orders to come to the bars of the cell. A determination to use gas, mace, irrita dust or the electoric capture shield under these circumstan should be made by the highest Ranking security supervi on duty in the immediate area.

(Note) the EMT show up hours later didn't any medic question walked out my cell, without feeling out no ass estment papers in my presence.

Procedure: If the inmate(s) are assigned to any area designated as a mental Health Treatment unit, the sup visor will contact the on duty mental Health social wu and request assistance whenever possible under prevailir circumstances no gas mace electronic capture shield or I itant dust will be used against an inmate who is asisne to mental Health Treatment unit until the mental heal worker Arrived and attempted to control the situatio unless it is necessary to prevent loss of life, seri injury to person(s) or extensive property of damage

(N) All Instances in which gas, mace, irritant dust, electr capture shield or Physical force is used will be Reports in writing via and unusual occurrence report.

Alfred Flowers v. Phelps
Cite as 956 F. 2d 488 (5th Cir 1992)

Inmate's who bring excessive use of force clai need not show significant injury in order to prove eig amendment violation. Rather, proper inquiry is wheth force was applied in good-faith effort to maintain or Restore discipline or maliciously and sadistically cause harm. U.S.C. Const. Amend. 8

2.

SOCIAL WORKER, CAROl Duthu FAlSIFIES DOCUMENTS

AlSO SECURITY MAKE FAlSE STATEMENTS, She PROTECTED
SECURITY ON THE date of 6-26-98. INMATE Tickers.c
#301196 Flood the TIER bECAUSE SGT HOOKER + SGT. Robinson
REFUSE ME my REQUEST to SEE LT's And ONE mENTAl HEAlTH SOCIAl
WORKER CAROl Duthu. I WAS let OFF the TIER FROM four
Point REStRAINt to the ShOWER without leg IRON AND HAN
CuffS AFTER cOMINg Off EXTREME WATCH. FOR SOMEONE WIT
A bEhAVIOR PROblEM. dAy bEFORE.

LT. BONNETTE + LT LEMIONE VIOlATEd DEPAR
MENT Of CORRECTION EMPlOYEE RUlES AND DISCIPlINORY PRO-
CEDURE, WHEN THEY SPRAYED ME TWICE WITH MACE IG
FOR NO REASON, INMATE WAS NO thREAT. SECURITY TRY tO9
to JUMP ON thEM SO thEY CAN bEAT ME UP, but I didN't c
ANYthINg.

## Question of FACTUAL STATEMENT OF COMPlAIN:

#1.
WHY did LT. BONNETTE + LT. LEMOINE ENTE:
the fiR AND JUST STARTED SPRAYING GAS FOR NO REASON?

#2. WHAT REASON did MS. CAROl Duthu hAD FOR P
tINg INMATE NICKERSON ON FOUR Point REStAINT?

#3. WHY didN't SGT HOOKER + SGT RObinSON
CAll the LT's AND the MENTAl HEAlTH SOCIAl WORKER
WHEN NICKERSON REQUESTED SEVERAl timES to SEE
thEM?

#4 WHY did NICKERSON Flood thE TIER ON 6/26/98

3.

## CASE LAW IN SUPPORT OF CRIMINAL COMPLAINT

### 1.

Jail INMATE WAS citizen within MEANING of PROVISION of this section MAKING it A felony to conspire to interfing with of ANY citizen in free ERECISOR enjoymer of ANY constitutional or Federal Rights despite fact th HE WAS A convited felon <u>United STATE V. King</u> : 5i <u>F. 2d 209</u>

<u>U.S.CA TiTLE 18 Section 241</u>   <u>Conspiracy against Righ</u>

<u>Evidence</u>

that defendants Prison official WAS PRESEN in office during SPAying of MACE. 9AS, of INMATE And that he strude in office At time other PERSON official WRSTE     incident "Reports" Designed to cover up tru was sufficient to SyPPort Conviction of defendant co conspiracy with other Prison official to DEPRive inmat of thier Constitutional Right <u>U.S. VS. Bigham 812 F 2</u> <u>943 Rehearing denid 816 F. 2d 677</u>

### INTENT-

Requisite Specific intent to support criminal Conviction on Federal civil Right Violation when defedants ARE charg with intentionally using unreason Able force is intent to USE, more force them is NECESSARY under circunstance Jury is REQuired to find that defedants intended to u un reasonable force <u>U.S. VS. REESE 2. Fod 870 1993</u>

<u>U.S.CA TiTLE 18 Section 1512</u> TAMPERing with A witne victim or an Informant

4.

"RETALIATION, THREAT AGAINST RETALIATION AGAINST WITNESS GOVERNMENT need not establish intent to carry out threat only requires is intent to Retaliate. U.S. VS. MAggio 789 F. 2d 590 CA5 miss 1986

HARASSMENT- HARASS within Statute PROscribing intentional HARASSMENT of witness does not Require Repeated Attacks And may PROPERly be defined As conduct designed And intended to badger disturb or Pester United States VS. Wilson 796 F. 2d 55

Almost All courts RECOGNIZE that one of the duties of CORRECTIONAL Staff is to CARE for offenders under it charge. This GENERAL duty of CARE becomes A specific with such duties As providing food, Clothing, Shelter, medical CARE And PROTection.

3-Right tier Kept hearing NICKERSON, PETITIONER Ask SGT Hooker + SGT Robinson to call the LT And A Social worker Carol Duthu And they flatly R Refuse All my Requests. SGT Hooker had Jump on

Previously, I filed AN ARP the first time nothing was done. the second time-he Jump on, he told his supervisor nothing had happen hospital Record will show back lumps on my low part of back Also Also Abrasion on both back hinds.

## * INJURIES SUSTAINED *

As A Result of these CORRECTIONAL official action con Plaintant have suffered

#A DEPRIVATION of Rights. #B CONSPIRACY Against Right. #C HARASSMENT #D The use of UNREASONABLE forc. #E MENTAL DISTRESS #F MENTAL Anguish for being chain to A bed in full RESTRAIN for 24 hours #G. being spr twice Repeatedly by LT Bonnette + LT LE MOINE. C Just stood there And watch 5. saying nothing.

*Relevant Evidence*

Disiciplinary Report witten. 6/26/98

EMT Report should have been written on 6/26/4
Warden unusual occurance reports witten 6/26/98
Mental Health Reports witten 6/26/98
Employee Rules And Disciplinary Regulation 30-46
General instruction For First-time witnesses proceed.
Security and control Department Regulation.

Relief

A# For the United States Attorney to investigate an
Prosecute this Criminal Complaint.

### 1. Law in Support:

Principal function of a complaint is As, basis for an APP-
lication for an Arrest Warrent, Gaither vs. U.S. 413
F. 2d 10, 61, 134 U.S. APP D.C. 154 1969

### 2.

sufficiency of evidence Committing Magistrate deter-
mined wether Evidence Justified holding Accused for
trail not whether evidence was Sufficient for
Conviction. Burton vs. Smithhers    CCA Va 1929
F. 2d 966

### 3.

There are two methods allawed by which A Perso ma
Prosecute and offender. He may give information to th
solicitor or the State and have A bill of indictment
Sent to the Grand Jury or he may make written
Complaint on oath before an examining and committin
magistrate and obtain A warrent of arrest and have
Preliminary investigation of accusation made U.S.
vs. Kilpatrick D.C. N.C. 1883. 16 F. 765

6.

18 U.S.C.A 3041 POWER of "COURT AND MAGISTRATES affidavits. The oath to the complaint must be taken before the court. Judge, or PERHAPS the clerk or before SOME COMMISSIONER [NOW MAGISTRATE] who in ABSENCE of the Judge MAY be APPLIED to for A WARRENT, but AN magistrate Cannot Commit on AN Affidavit taken before and other. U.S. VS. Smith C.C MASS 1883, 17 F. 510.

5.

42 U.S.C.A 1987.    Notwithstanding use of word REquired in this Section Providing that United States Attorneys ARE. "Authorized And Required to institute Prosecutions for violations of specific Civil Rights Statutes Attorneys have been stripped of their normal, Prosecutional discretion for Crimes specified, Mandatory Nature of word Required is insufficient to evince a board Congressional Purpose to bar EXERCISE EXECutive discretion in Prosecution of FEDERAL Civil Rights Crimes. Inmates of Attica Correctional Facility Vs RockFeller, 477 F.2d 375; C.A. N.Y (1973)

6.

U.S.C.A.TITLE 18 Section 1512, TAMPer with A witness, victim Retaliation

    To Prove Retaliation against witness Government NEED not Establish intent to carry out threat. only Required is intend to Retaliate. U.S. Vs maggitt 789 F.2d 590 CA5 miss 1986.

THREATS, DEFedants threats to have witness killed if witness did not tell FALSE Story to F.B.I investigator GRAND JURY And at trail Supported Convictions For witness TAMPering. U.S. Vs Kulczyk 931 F.2d 542 (1991)

HARASSMENT HARASS within Statute Proscribing intentional

7.

... HARASSMENT OF WITNESSES does not REQUIRE REPEATE ATTACKS AND MAY PROPERLY be defined AS Conduct design AND intended to badger disturb or PESTER. U.S. VS. Wils. 796 F.2d 55.

U.S.C.A. TITLE 18 SECTION 241

CONSPIRACY AGAINST Rig

Jail inmate was Citizen within MEANING of PROVISIO of the SECTION MAKING it Felony to conspire to interfer with Citizen in FREE EXERCISE or ENJOYMENT of AN CON-stitutional or FEDERAL Rights despite Facts that he wa A CONVICTED FELON. United States VS. King 587 F.2d 20 REHEARING denied 589 F.2d 1114, Certiorari denied 9. S.CT 1536, 440 U.S. 972.

Evidence that defedants PRISON official was PRESENT durin EXCESSIVE ForCE was being committed of inmate And h struck one inmate together with testimony that defedant was in office at time other PRISON official wrote INCI ENT REPORTS, Designed to cover up truth was Sufficen to Support Conviction of defedents For conspiring with othe PRISON official to dePriVE inmates of there Contitutional Rights. United States VS Bigham 812 F.2d 943 Rehearu denied 816 F.2d 677.

Intent

Requisite Specific intent to Support Criminal Conviction on Federal Civil Rights Violation when defendants ARE charge with intentionally using UN REASONABLE FORCE IS intent to use more FORCE than NECESSARY UNDER circu stances JURY is Required to Find that defedants intena to use un REASonable Force. United States VS. REESE 2 F.2d 870 (1993)

8.

**AFFIDAVIT**

I CuRtis Mickerson # 301196 HEREBy SWEAR A AFFIRM UNDER PENAlTy of PERJURY U.S.CA TiTLE 28 Sectic 1746 (2) that everything stated · HEREIN this Criminal Complaint Affidavit is. true AND coRRet. I furtherSwe. this Criminal ComPlacnt will be mailed to:

United States District CouRT
Middle DistRiet of LouisiANA
777 FloRida STREET
BATON Rouge, LA 70801
 (504) 389-3950

By Placing this CriminAl Complaint within ENVElOPE And mailed to the Above State court.

True And Correct; thus done this \_\_\_3\_\_\_ day of
\_\_\_MAy_____1999

S/ CuRtis Mickerson # 301196
CuRtis Mickerson # 301196

9.

Curtis Nickerson #30096 - Medical Records From Hospital on 6-26-98.

The Log book to show on 6-26-98 what time mental Health social worker Carol Duthu Arrived on the unit Gator 3-R-2.

## WITNESSES

1. Curtis Nickerson #301196
2. Chaddley Johnson #343801
3. John Collins #338782
4. Dexter Tyrone Robinson #285450
5. Ramon Syvell Williams #310753
6.

## RELIEF

A# TO have this Complaint investigated

B# FOR Criminal Indictment and Prosecution to be instituted Against defendant names in factual Statements of Complaint

C# That Petitioner life is in danger and He Need Restraining on the names mention officer's Involve in this Conspiracy to hurt me in any Form or fashion.

D# 150,000 thousand dollars, For Excessive force, mental Anguish, And for being strap to the bed in four Point Restraint, for protecting security. when me And officer. SGT. Hooker had a confrontation before.

6/33/98

To: Dora Rabalais, Legal Program
From: Curtis Nickerson # 301196
Concerning ARP Request

This ARP is being filed of an Eight Amendment violation.
On 6/26/98, Capt Robert E. Shott, LT. Bonnette,
LT. Lemoine or using excessive force on Inmate(s) by spraying
mace when its not required. Inmates are complying with
the orders and still get sprayed with mace that peals
your skin when directly sprayed and deliberatly to do's harm
to an Inmate.

Department Regulation No. 30-46
subject: use of Gas Irritant Dust and Electronic capture
shield on Inmate(s).

D.) Gas mace Irritant dust or electronic capture shield
may be used against an Individual only to subdue him/her
in order to prevent loss of life, serious injury to Person(s)
extensive destruction of Property to Quell a disturbance which
in my opionion of the highest Ranking security supervisor
on duty in the immediate area where the incident is occuring)
may lead to a serious situation which may jeopardize, or to re-
gain control of the institution or part of it.

E) when gas mace Irritant dust or the electronic capture shield
is used, only the minimun amount necessary to control situatic
will be used
F) use of Gas, mace, Irritant dust or the electronic capture

shield is considered as a use of force. Any excessive use or unauthorized will result in disciplinary action against the employee who does so. Note no action was taken against neither officers.

J. Gas mace, irritant dust, or the electronic capture shield will not be used on those inmates who remain passive in their cell without causing a disturbance or becoming hostile unless the inmate continusly defies orders to come to the bars of the cell. A determination to use gas, mace irritant dust or the electronic capture shield under these circumstances should be made by the highest ranking security supervisor on duty in the immediate area. (Note - when situation is brought under control the individual will be examined by qualified medical personal the ENT show ups hours later didn't ask any medical question walked out my cell, not filling out NO ASSESTMENT PAPERS in my PRESENCE,

Procedure:

() If and inmate(s) are assigned to an area designed as a mental health treatment unit. the supervisor will contact the on duty mental health worker and request assistance. Whenever possible under prevaling circumstances no gas, mace electronic capture shield or irritant dust will be used against an inmate who is assigned to mental health treatment unit until the mental health worked ARRIVED and attempted to control the situation injury to person(s) or extensive proerty of damages

.2

N.) All instances in which gas, mace, Irritant dust, Electronic capture shield, or physical force is used will be Reported in writing via an unusual Occurrence Report

Respectfully submitted By,

Curtis Nickerson #301196

Curtis Nickerson #301196
P.O. Box 174-EHCC
Beaver-5-C-Tier cell #5
St. Gabriel, Louisiana 70712

C.C.

C.N

Filed-6/30/98

.3